# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7865 | **DATE** | February 13, 2012 |
| **CASE TITLE** | Nolen Chambers (#N-64570) v. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

The Court has construed Plaintiff's motion for leave to amend [#9] as a motion for relief from judgment under Rule 60(b) and the motion is granted. However, Plaintiff must amend his complaint. Plaintiff is granted 30 days from the date of this order to submit an amended complaint (plus a judge's copy and service copies) for review by the Court, pursuant to 28 U.S.C. § 1915. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. The Clerk shall send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's application to appeal *in forma pauperis* [#21] is denied as moot.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff is an inmate at the Stateville Correctional Center, and has brought a *pro se* complaint pursuant to 42 U.S.C. §1983. In Plaintiff's original complaint, he alleged what appeared to be a due process violation because he was unhappy with the outcome of a hearing he received before the adjustment committee at which he was convicted of several rule infractions. He also complains generally about the conditions he was subjected to while he was confined to segregation. The Court dismissed Plaintiff's original complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Subsequent to the Court's dismissal, Plaintiff submitted a motion for leave to amend his complaint adding additional facts. The information contained in the motion indicated that if he filed an amended complaint, Plaintiff could in fact state a claim for unconstitutional conditions of confinement. The Court construes Plaintiff's motion as a motion for relief from judgment under Fed. R. Civ. P. 60(b). Plaintiff's motion is granted. However, Plaintiff, must submit an amended complaint for review by the court, including the information contained in his motion for leave to file amended complaint relating to conditions of confinement. Additionally, Plaintiff should name as Defendants only those parties whom he believes subjected him to the unconstitutional conditions. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order.

Plaintiff is cautioned that the claims regarding his adjustment committee hearing. Plaintiff has no cognizable federal cause of action with respect to the expunged disciplinary conviction. It is most regrettable if the disciplinary proceedings did not comply with the dictates of *Wolff v. McDonnell*, 418 U.S. 539 (1974). However, the matter does not implicate the Constitution. "There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process." *Morissette v. Peters*, 45 F. 3d 1119, 1122

**(CONTINUED)**

AWL

**STATEMENT**

(7th Cir. 1995). *See also Verser v. Turner*, Case No. 10 C 7451, 2011 U.S. Dist. LEXIS 73075, at *7, (N.D. Ill. July 7, 2011) (Bucklo, J.) The administrative review process is part of the due process afforded prisoners. *Id*.

Plaintiff has also filed an application to appeal *in forma pauperis*, which is moot, as the Seventh Circuit Court of Appeals has relinquished jurisdiction over this case because Plaintiff failed to timely file an application to appeal *in forma pauperis* or to pay the filing fee for his appeal. Consequently, Plaintiff's motion to appeal i.f.p. is denied as moot.

In short, if Plaintiff chooses to proceed with this case, he must submit an amended complaint within thirty days of the date of this order, focusing on his allegations of unconstitutional conditions of confinement in segregation at Stateville Correctional Center. The Clerk will forward Plaintiff the amended complaint form along with a copy of this order. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. Failure of Plaintiff to comply with this order within thirty days will result in summary dismissal of this case.

Case: 1:11-cv-07865 Document #: 23 Filed: 02/13/12 Page 2 of 2 PageID #:92