# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7865 | **DATE** | June 15, 2012 |
| **CASE TITLE** | Nolen Chambers (#N-64570) v. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has submitted a proposed amended complaint [#27]. On initial review pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff's amended complaint is acceptable. Defendant Johnnie Franklin is dismissed as a Defendant. The Clerk is directed to issue summonses to Marcus Hardy, Cynthia Harris, Chad Miller, Counselor Miles, and Counselor Sanders and the United States Marshals Service is appointed to serve them. The Clerk is directed to provide Plaintiff with a magistrate judge consent form and filing instructions along with a copy of this order.

■ **[For further details see text below.]** Docketing to mail notices.

## STATEMENT

Plaintiff, Nolen Chambers, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was subject to unconstitutional conditions of confinement at Stateville Correctional Center, while confined to segregation. More specifically, he alleges he was subject to loud noise, roach infestation, feces smeared walls and surfaces, and denial of hygiene products, among others, in spite of notifying Warden Hardy and Sergeant Miller. Plaintiff also alleges that Defendants Harris, Miller, and Counselors Miles and Sanders retaliated against him, not processing paper work related to his job assignment and his aggression level because of his complaints regarding his disciplinary hearing and the conditions in segregation.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the amended complaint states a colorable cause of action under the Civil Rights Act as to Defendants Hardy and Miller regarding the unconstitutional conditions of confinement. *Antonelli v. Sheahan* 81 F.3d 1422, 1427 (7th Cir. 1996) (to state a valid unconstitutional condition of confinement claim, the plaintiff must be able to demonstrate that the defendants, acting with deliberate indifference, deprived him of "basic human needs" or "the minimal civilized measure of life's necessities"); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Plaintiff also states a cause of action for retaliation against Defendants Harris, Miller, Miles and Sanders. *See, e.g.*, *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (finding that plaintiff had stated a valid cause of action for allegedly retaliatory disciplinary reports). Plaintiff makes no mention of them in his amended complaint, so they are dismissed as Defendants. While a more fully developed record may belie the Plaintiff's allegations, Defendants Hardy, Miller, Harris, Miles, and Sanders must respond to the complaint.

**(CONTINUED)**

AWL

**STATEMENT (continued)**

However, as Plaintiff has been instructed in this Court's prior orders, he has failed to state a cause of action with respect to his adjustment committee proceedings, as he has alleged that ultimately the ticket was expunged. It is most regrettable if the disciplinary proceedings did not comply with the dictates of *Wolff v. McDonnell*, 418 U.S. 539 (1974). However, the matter does not implicate the Constitution. "There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process." *Morissette v. Peters*, 45 F. 3d 1119, 1122 (7th Cir. 1995). *See also Verser v. Turner*, Case No. 10 C 7451, 2011 U.S. Dist. LEXIS 73075, at *7, (N.D. Ill. July 7, 2011) (Bucklo, J.) The administrative review process is part of the due process afforded prisoners. *Id*. Plaintiff names Defendant Johnnie Franklin as a Defendant but makes no claim against him other than relating to the process Plaintiff received in the handling of his adjustment committee hearing. Consequently, Plaintiff has failed to state a claim against Defendant Franklin and he is dismissed.

Accordingly, Plaintiff may proceed as described in this order on his claims of unconstitutional conditions of confinement against Defendants Hardy and Miller, and against Defendants Miller, Harris, Miles and Sanders on his claims of retaliation. The Clerk shall issue summonses for service of the complaint on Defendants Hardy, Harris, Miller, Miles, and Sanders (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If any Defendant can no longer be found at the work address provided by Plaintiff, the Cook County Jail shall furnish the Marshal with that Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

The Court notes that Plaintiff generally names "All Unit F Staff" as Defendants in the manner of John Doe Defendants. Plaintiff can only proceed against readily identifiable individuals who are identified sufficient to effectuate service of process. Plaintiff is advised to conduct discovery as soon as possible to obtain the names of the Defendants in question. The statute of limitations for Section 1983 actions filed in Illinois is two years. See 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). Once Plaintiff has ascertained the identity of the John Does, to the extent that his claims are still timely, he can file an amended complaint, substituting in the named Defendants for the John Does.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.